Charles HOOKS, Appellant,

v.

**UNITED STATES of America.**

**No. 18409.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 3, 1970.

Submitted Sept. 27, 1971.

Decided Nov. 3, 1971.

---

Clayton A. Sweeney, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for appellant.

Douglas D. McBroom, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Kathleen Kelly Curtin, Asst. U. S. Atty., on the brief), for appellee.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

On July 1, 1964, the appellant Hooks was found guilty by a jury on an indictment charging him in one count for the unlawful transfer of marihuana in violation of 26 U.S.C. § 4742(a), in two counts for the transporting and concealing of marihuana without paying tax in violation of 26 U.S.C. § 4744(a) (2), in two counts for the unlawful sale of heroin not from the original stamped package in violation of 26 U.S.C. § 4704(a) and in two counts for the unlawful sale of heroin without the prescribed order form in violation of 26 U.S.C. § 4705(a).[1,2]

■ At trial, Hooks admitted that he had committed the acts charged in these counts of the indictment[3] but alleged as

1. There were eight counts. Count VII was duplicitous and was dismissed.

2. Although Hooks was released on probation on April 8, 1971, his case is not moot. Carafas v. LaValle, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

3. For the sake of clarity, we set out the substance of the pertinent statutes as follows:
   (1) 26 U.S.C. § 4742(a), which prohibits the transfer of marihuana except pursuant to a written order of the transferee on a form issued in blank for that purpose by the Government;

   (2) 26 U.S.C. § 4744(a) (2), which prohibits transferees required to pay the tax on § 4742(a) transfers from transporting or concealing marihuana acquired or obtained without payment of the tax, and which provides that possession combined with failure to produce the order form required by § 4742 shall be presumptive evidence of guilt under this subsection;
   (3) 26 U.S.C. § 4704(a), which prohibits the purchase and sale of narcotic drugs (in this case, heroin, and cocaine) except in the original stamped package, and

which provides that the absence of appropriate taxpaid stamps from narcotic drugs shall be *prima facie* evidence of a violation of this subsection;

(4) 26 U.S.C. § *4705(a)*, which prohibits the sale or exchange of narcotic drugs (in this case, heroin and cocaine) except pursuant to a written order of the transferee on a form issued in blank for that purpose by the Government.

The eight counts of the indictment are set out below:

### FIRST COUNT

The grand jury charges:

On or about the 4th day of June, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, did unlawfully transfer to George Emrich, Narcotic Agent, 15.900 grams of marihuana, not in pursuance of a written order of the said George Emrich, on a form issued in blank for that purpose by the Secretary of the Treasury of the United States or his delegate; in violation of Section 4742(a) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

### SECOND COUNT

The grand jury further charges:

On or about the 4th day of June, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, being a transferee required to pay the transfer tax imposed by Section 4741(a) of Title 26 United States Code, did unlawfully transport and conceal and facilitate the transportation and concealment of 15.900 grams of marihuana acquired and obtained without having paid such tax; in violation of Section 4744(a) (2) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

### THIRD COUNT

The grand jury further charges:

On or about the 4th day of June, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, did unlawfully sell, dispense and distribute to George Emrich, Narcotic Agent, approximately 1.030 grams of diacetyl morphine hydrochloride, commonly known as heroin, a derivative and preparation of opium, not in or from the original stamped package as required by Section 4704(a) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

### FOURTH COUNT

The grand jury further charges:

On or about the 4th day of June, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, did unlawfully sell, barter, exchange and give away certain narcotic drugs, to wit, approximately 1.030 grams of diacetyl morphine hydrochloride, commonly known as heroin, a derivative and preparation of opium, to George Emrich, Narcotic Agent, not in pursuance of a written order of the person to whom such narcotic drugs were sold, bartered, exchanged and given, on a form issued in blank for that purpose by the Secretary or his delegate; in violation of Section 4705(a) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

### FIFTH COUNT

The grand jury further charges:

On or about the 13th day of June, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, did unlawfully sell, dispense and distribute to George Emrich, Narcotic Agent, approximately 4.470 grams of cocaine, a narcotic drug, not in or from the original stamped package as required by Section 4704(a) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

### SIXTH COUNT

The grand jury further charges:

On or about the 13th day of June, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, did unlawfully sell, barter, exchange and give away certain narcotic drugs, to wit, approximately 4.470 grams of cocaine, a narcotic drug, to George Emrich, Narcotic Agent, not in pursuance of a written order of the person to whom such narcotic drugs were sold, bartered, exchanged and given, on a form issued in blank for that purpose by the Secretary or his delegate; in violation of Section 4705(a) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

### SEVENTH COUNT

The grand jury further charges:

On or about the 17th day of July, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, did unlawfully transfer to George Emrich, Narcotic Agent, approximately 150.245 grams of marihuana, not in pursuance of a written order of the said George Emrich, on a form issued in blank for that purpose by the Secretary of the Treasury of the United States or his delegate; in violation of Section 4742(a) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

his defense that he was in substance acting as a kind of *de facto* agent of the United States aiding Emrich, the federal narcotics agent who was in charge of the Pittsburgh office.[4] If Hooks' story had been accepted by the jury, an interesting question would have arisen as to whether or not conceivably he would have been within the exception authorizing non-registration of "(7) certain public officials" referred to in Leary v. United States, 395 U.S. 6, 17, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). See note 19 cited to the text, at 18. See, *e. g.*, 35 P. S. §§ 780–2(g), 780–4(q), and Bannister v. United States, 446 F.2d 1250 (3rd Cir. 1971). But the jury found Hooks guilty on each of the seven counts and he received substantial concurrent sentences on each. The judgments of conviction were affirmed by this court, 359 F.2d 584 (3 Cir. 1966). Hooks then brought this proceeding based on 28 U. S.C. § 2255, alleging that the judgments of conviction on Counts II and VIII, the marihuana counts, were void because the statutes on which they were based are "unconstitutional" and praying that the case be remanded to the district court with directions to grant him a new trial on the remaining five heroin or cocaine counts, *viz.*, Counts I, III, IV, V and VI. Hooks takes the position that these five remaining counts are "inseparable" from Counts II and VIII and therefore are, so to speak, tainted by his allegedly illegal convictions on Counts I and VIII. Cf. note 2, *supra*. We do not perceive the force of this argument.

▮ There are four statutes involved here, the constitutionality of which cannot now be successfully attacked. They are, in the order of the indictment, Sections 4742(a), 4704(a), 4705(a) and 4744(a) (2), 26 U.S.C. The application of one of these sections, 4704(a), was before this court in United States v. Clark, 425 F.2d 827, 829–830 (1970), and was held constitutional, as was Section 4705(a) in respect to heroin by Minor v. United States, 396 U.S. 87, 90 S. Ct. 284, 24 L.Ed.2d 283 (1969). Section 4744(a) (2) prohibits the transfer or sale of marihuana without payment of the tax and provides that possession, combined with failure to produce the order form required by Section 4742(a) (2), is presumptive evidence of guilt. For the reasons stated in the opinion of the present writer in Bannister v. United States, *supra*, 446 F.2d at 1250, we hold that *Leary* is applicable to the conviction of Hooks on Counts II and VIII. In view of the testimony of Hooks that he was acting as a *de facto* United States narcotics agent, we remand the case to the district court to determine whether he waived knowingly his right to assert his complete defense to prosecution based on his privilege against self-incrimination, see Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed.

---

EIGHTH COUNT

The grand jury further charges:

On or about the 17th day of July, 1963, at Pittsburgh, Allegheny County, in the Western District of Pennsylvania, the defendant, Charles Hooks, being a transferee required to pay the transfer tax imposed by Section 4741(a) of Title 26 United States Code, did unlawfully transport and conceal and facilitate the transportation and concealment of approximately 150.245 grams of marihuana acquired and obtained without having paid such tax; in violation of Section 4744(a) (2) of Title 26 United States Code; contrary to Section 7237 of Title 26 United States Code.

4. See Trial Transcript, 162–170. See particularly 162–163, Hooks testifying on direct examination in his own defense, as follows:

"Q. [W]hat did you [Hooks] do?
"A. [H]e [Emrich] asked me about different narcotic sellers, and I told him that I knew them through my wife, but I hadn't dealt with them, but maybe I could. And so, he and I, we discussed a plan to get me to get different drug pushers to meet him and sell him drugs. And, I told him that I would do this."

To give further specific instances of Hooks' position would extend this opinion to too great a length. It is unquestionable that this record demonstrates that Hooks testified that he was acting in substance as a government agent and that this was his asserted defense. See the second paragraph of this opinion.

1461 (1938); Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *cf.* Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Other points raised by Hooks do not require discussion.

The judgments of conviction on Counts I, III, IV, V, and VI will be affirmed, and the case will be remanded to the district court for further proceedings as to Counts II and VIII in accordance with this opinion.

We thank our court-appointed counsel for his vigorous prosecution of his client's claims.