**UNITED STATES of America**

v.

**Andres R. ROMERO–VILCA, Appellant.**

No. 86–5887.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 31, 1988.

Decided July 5, 1988.

**178**

Before SEITZ, SLOVITER and
HUTCHINSON, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Romero–Vilca appeals the district court's
order denying his motion under 28 U.S.C.
§ 2255 (1982) to vacate his conviction. The
district court had jurisdiction under 28
U.S.C. §§ 2241(c)(3), 2255 (1982). We have
jurisdiction pursuant to 28 U.S.C. §§ 1291,
2255 (1982).

Romero–Vilca pled guilty to conspiring
to conceal material facts and statements on
United States Immigration and Naturaliza-
tion forms I–130 and I–130E in violation of
18 U.S.C. § 1001 (1982). 18 U.S.C. § 371
(1982). He was sentenced to four years
imprisonment. While in custody, he was
served with a detainer by the Immigration
and Naturalization Service seeking to de-
port him under 8 U.S.C. § 1251(a)(4) (1982).
Romero–Vilca then moved in the district
court to vacate his conviction pursuant to
28 U.S.C. § 2255 (1982). After filing the
motion, but before the district court ruled
thereon, Romero–Vilca was released from
incarceration. The district court denied
Romero–Vilca's motion, and this appeal fol-
lowed.

■ As an initial matter, we must decide
whether Romero–Vilca is entitled to seek
relief under section 2255 or whether his
claim became moot when he was released
from incarceration. Section 2255 provides
that

> A prisoner *in custody* under sentence
> of a court established by Act of Congress
> claiming the right to be released upon
> the ground that the sentence was im-
> posed in violation of the Constitution or
> laws of the United States ... or is other-
> wise subject to collateral attack, may
> move the court which imposed the sen-
> tence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255 (1982) (emphasis added).
The district court had jurisdiction over
Romero–Vilca's petition when it was filed
because Romero–Vilca was incarcerated at

Ronald Cohen, Montclair, N.J., for appel-
lant.

Samuel A. Alito, Jr., U.S. Atty., Marion
Percell, Asst. U.S. Atty., Samuel P. Moul-
throp, Chief, Appeals Div., U.S. Attys. Of-
fice, Newark, N.J., for appellee.

the time.[1]  We must determine, however, whether Romero–Vilca's request for relief under section 2255 became moot when he was released.  *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (involving writ of habeas corpus); *Hooks v. United States*, 450 F.2d 405, 406 n. 2 (3d Cir.1971) (applying *Carafas* holding to section 2255 proceeding).  The *Carafas* Court held that a request for relief from a judgment of sentence does not become moot upon the satisfaction of that sentence when burdensome collateral consequences flow from the judgment of conviction and survive the satisfaction of the sentence.  Following *Carafas*, we conclude that Romero–Vilca's petition is not moot in light of the potential for deportation that flows from his conviction.

We turn now to address the merits of Romero–Vilca's motion.  First, Romero–Vilca asserts that the district court erred in holding that the sentencing court's failure to inform him that deportation was a potential consequence of his plea of guilty was not a violation of Federal Rule of Criminal Procedure 11.

■  Rule 11 does not require a sentencing court to explain "collateral" consequences of a guilty plea to a defendant.  *See, e.g., Kincade v. United States*, 559 F.2d 906 (3d Cir.) (per curiam), *cert. denied*, 434 U.S. 970, 98 S.Ct. 519, 54 L.Ed.2d 458 (1977); *Fruchtman v. Kenton*, 531 F.2d 946, 948 (9th Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976).  A collateral consequence is one that is not related to the length or nature of the sentence imposed on the basis of the plea.  *Kincade*, 559 F.2d at 909.  Applying this definition, we hold that potential deportation is a collateral consequence of a guilty plea.  Accordingly, we find no error in the sentencing court's failure to inform

Romero–Vilca in the Rule 11 colloquy of his possible deportation.

■  Second, Romero–Vilca argues that his conviction was obtained by the denial of effective assistance of counsel, thus violating his rights under the sixth amendment.  Romero–Vilca asserts on appeal that his counsel was deficient in two respects: 1) he failed to inform Romero–Vilca of the potential consequence of deportation at the time the plea was entered; and 2) he failed to request that the district court recommend against deportation, 8 U.S.C. § 1251(b) (1982).

Romero–Vilca stated in his motion that he was being held unlawfully because his conviction had been obtained by the denial of effective assistance of counsel.  The supporting facts alleged in the petition concern four specific instances of attorney conduct.  None, however, concerned the conduct he now asserts was deficient.  In denying the motion, the district court dealt with the specific instances of attorney conduct set forth in the petition, but did not address the conduct complained of on appeal.  We therefore conclude that it would be inappropriate for us to address the merits of the ineffective assistance claim raised by Romero–Vilca on appeal when the claim was not raised in the petition or before the district court.[2]  *See, e.g., United States v. Garcia*, 544 F.2d 681, 684 n. 1 (3d Cir.1976).

In light of the foregoing, we will affirm the order of the district court.

---

1.  Although the district court did not make a finding of fact that Romero–Vilca was incarcerated at the time the petition was filed, it appears from the face of the petition that he was then incarcerated at the United States Medical Center for Federal Prisoners at Springfield, Missouri. The Government does not point to any evidence suggesting otherwise.

2.  We are not called upon to decide whether Romero–Vilca could assert this particular ineffectiveness claim in a future application under section 2255.  *See Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).