## Commonwealth v. Reitz

C.P. of Bucks County, no. 5210-5223/92.

*William E. Moore,* for the Commonwealth.
*George J. Reitz, Jr.,* pro se.

BIEHN, *P.J.,* March 27, 1995—Defendant has appealed from our order dated February 14, 1995 denying, without a hearing, his motion to withdraw his guilty plea under the Post Conviction Relief Act, the Act of April 13, 1988, P.L. 336, no. 47, section 3, 42 Pa.C.S. §9541 et seq.

Defendant entered a counseled guilty plea on December 12, 1992 to charges of corrupt organizations, dealing in proceeds of unlawful activities, and delivery of controlled substances. He was sentenced to a state

correctional facility for a period of not less than seven and one-half nor more than 20 years. In a subsequent civil jury trial the real property of defendant was forfeited.

Defendant asserts ineffectiveness of counsel and insufficiency of the guilty plea colloquy on the basis that he was not made aware of the potential effect of the plea in a forfeiture proceeding. Defendant's claims are without merit.

Before entering his guilty plea, the defendant received a comprehensive colloquy which fully advised defendant of his rights and the parameters of his plea. (See N.T. pp. 11-17 December 12, 1992.) Specifically, the colloquy conformed to the requirements of 42 Pa.C.S. Rules of Criminal Procedure 319.

The goal sought to be attained by the guilty plea colloquy is assurance that defendant's guilty plea is tendered knowingly, intelligently, voluntarily and understandingly. *Commonwealth v. Persinger,* 532 Pa. 317, 615 A.2d 1305 (1992); Pa.R.Crim.P. 319. When considering a petition to withdraw a guilty plea submitted after sentencing, the defendant must show "prejudice on the order of manifest injustice" before withdrawal of the plea is justified. *Commonwealth v. Shaffer,* 498 Pa. 342, 346, 446 A.2d 591, 593 (1982).

The Supreme Court has held that a defendant's lack of knowledge of the collateral consequences of a guilty plea does not undermine the validity of the guilty plea. *Commonwealth v. Frometa,* 520 Pa. 552, 555 A.2d 92 (1989). A collateral consequence is one which is unrelated "to the length or nature of the sentence imposed on the basis of the plea." *United States v. Romero-Vilca,* 850 F.2d 177 (3rd Cir. 1988).

The Supreme Court has recognized that the collateral consequences of pleading guilty are "numerous." *Com-*

*monwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994), *cert. denied,* 115 S.Ct. 223 (1994). The court in *Duffey* listed several collateral consequences including: loss of right to vote, U.S. Constitutional Amendment XIV, Section 2; to enlist in the armed services, 10 U.S.C. §504; to own a firearm, 18 Pa.C.S. §6105, or fishing license, 30 Pa.C.S. §928; to inherit property, 20 Pa.C.S. §§8802-11; to practice a particular profession, *e.g.,* 63 Pa.C.S. §479.11(a) (funeral director), 63 Pa.C.S. §34.19(a)(8) (architect); to be deported from the United States, *Frometa,* 520 Pa. 552, 555 A.2d 92 (1989); and, to have driver's license suspension, see *Duffey,* 536 Pa. at 440, 639 A.2d at 1176. Pennsylvania courts have held that the failure of a trial court to inform a defendant during a guilty plea colloquy of the potential collateral consequence of deportation does not invalidate his plea. *Commonwealth v. Wellington,* 305 Pa. Super. 24, 451 A.2d 223 (1982), overruled on other grounds by *Frometa,* 520 Pa. 552, 555 A.2d 92 (1989). The Supreme Court applied the same holding to an ineffective assistance of counsel claim regarding deportation. See *Frometa,* 520 Pa. 552, 555 A.2d 92 (1989).

Civil forfeiture has been held to be a collateral consequence of a plea of guilty and need not be explained to a criminal defendant to ensure that the plea is voluntary. *United States v. United States Currency in the Amount of $228,536.00,* 895 F.2d 908 (2nd Cir. 1990). The Second Circuit held that "civil forfeiture is not a direct consequence of a guilty plea because it does not represent a definite, immediate and largely automatic effect on the range of defendant's punishment." *U.S. Currency in the Amount of $228,536.00,* 895 F.2d at 916.

Thus, it seems consistent to regard forfeiture as a collateral consequence similar to deportation and the numerous examples cited by our Supreme Court in *Duf-*

*fey.* Forfeiture does not relate to the length or nature of the sentence imposed on the basis of the plea. See *Romero-Vilca,* 850 F.2d 177 (3rd Cir. 1988).

Here the defendant pled guilty to several crimes and received a separate forfeiture jury trial where he was given the opportunity to present evidence that the property should not be forfeited.

The forfeiture proceeding was a collateral consequence whose imposition was vested in another judge, over which the criminal judge has no control and for which he has no responsibility. See *Brewster v. PennDOT,* 94 Pa. Commw. 277, 503 A.2d 497 (1986).

The defendant's petition states no grounds for relief in that the truth determining process was not undermined nor was there any inducement to plead guilty. Accordingly, defendant's motion to withdraw his plea was denied.