

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2004

# USA v. Alayun

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3962

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Alayun" (2004). *2004 Decisions.* Paper 1082.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1082

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3962

UNITED STATES OF AMERICA

v.

MICHAEL ALAYUN,
a/k/a TAWFEIG SAEED,
a/k/a THOMAS E. MANNING

Michael Alayun,
                                 Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 01-cr-00452
District Judge:  The Honorable Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2004

Before: BARRY, SMITH, and GREENBERG, Circuit Judges

(Opinion Filed: January 21, 2004)

OPINION

BARRY, <u>Circuit Judge</u>

Appellant, Michael Alayun, using at least two aliases, opened a number of credit card and bank accounts. He also opened financial accounts on behalf of a number of unwitting victims, thereby committing what is popularly known as identity theft. Alayun drafted checks against the accounts of his victims, and deposited them at a Philadelphia branch of Mellon Bank in an account he had opened under an alias. He would then withdraw cash from the account. Between October of 1998 and January of 1999, Alayun employed this network of fraudulent accounts in a scheme that ultimately deprived Mellon Bank of $36,959.68.

Although, to use the vernacular, Alayun "bucked the odds" in the short term, ultimately, the old adage proved true: crime doesn't pay. Alayun was arrested and subsequently indicted on one count of bank fraud and two counts of identification document fraud. 18 U.S.C. §§ 1344 & 1028(a)(6). On June 25, 2002, he pleaded guilty to all counts of the indictment, and on October 15 was sentenced – in accordance with the United States Sentencing Guidelines and the terms of his plea agreement – to 14 months of imprisonment. He was also ordered to pay restitution. A timely notice of appeal was filed. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and appellate jurisdiction is proper under 28 U.S.C. § 1291.

Defense counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw from the case because, in his estimation, there are no non-

frivolous issues for appeal. We agree.

Under *Anders*, when defense counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Counsel's request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. When undertaking review of an *Anders* brief, we must inquire: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). We also consider issues raised by Alayun in his pro se brief.

First, Alayun decries the District Court's failure to advise him of the negative effect that his plea would have on his immigration status. It has long been the law, however, that there is "no error in the sentencing court's failure to inform [defendants] in the Rule 11 colloquy of [their] possible deportation." *United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988).

Second, Alayun argues that his counsel provided ineffective representation by failing to advise him of the effects a guilty plea would have on his immigration status. But for reasons we need not enumerate here, "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). This case does not call for an exception to this practice.

Third, Alayun raises a number of Fourth, Fifth, and Sixth Amendment challenges to his arrest and subsequent prosecution. But these complaints are irrelevant, as Alayun unconditionally admitted his guilt in open court. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

Finally, there is no question that Alayun's plea was voluntary, had a factual basis, and that he understood its terms. The District Court conducted the plea proceedings in accordance with Federal Rule of Criminal Procedure 11, and Alayun has no legitimate ground to contest his plea.

Because there are no non-frivolous issues to raise on appeal, we will grant defense counsel's request to withdraw, and will affirm the judgment of sentence.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/ Maryanne Trump Barry
Circuit Judge