

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2005

# Wang v. Cicci

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2851

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wang v. Cicci" (2005). *2005 Decisions.* Paper 1311.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1311

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2851

YU QING WANG,
Appellant

v.

EDMUND CICCI, Deputy Warden, Middlesex County,
Adult Correction Center;
DAVID VENTURELLA, Director, Post-Order Detention
Unit, Bureau of Immigration and Customs Enforcement;
ANDREA J. QUARANTILLO, District Director, US
Citizenship and Immigration Services;
JOHN ASHCROFT, Attorney General of the United States

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-01163)
District Judge:  Honorable Katherine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed:    April 26, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

## I. Factual and Procedural Background

As we write only for the parties, we include only such factual and procedural events as are necessary to our decision. Appellant, Yu Qing Wang, a permanent resident alien from China, pled guilty in July 1990 to a violation of 18 U.S.C. §§ 371 and 1324 (a)(1)(B), conspiracy to transport or move aliens within the United States, knowing that these aliens entered the country in violation of law. In 1996, Wang was detained on return from a trip to China and placed into deportation proceedings. Wang failed to appear at his deportation hearing and was ordered deported to China *in absentia* in 1997. In March 1997, Wang filed a motion to reopen with the Immigration Judge (IJ), which was denied. Wang then filed a motion to reconsider the Immigration Judge's decision, but this was also denied. Wang did not appeal either of these denials to the Board of Immigration Appeals (BIA).

After the passage of almost six years, in November 2003, Wang filed a second motion to reopen with the IJ, alleging ineffective assistance of counsel, which was denied. He appealed this denial to the BIA and the BIA affirmed the denial.

In March 2004, while in detention, Wang filed a petition for Habeas Corpus relief. The District Court dismissed this petition, on the grounds that it was moot because he had been released and, therefore, no longer fulfilled the "in custody" jurisdictional requirement for habeas under 28 U.S.C. § 2241.

2

Wang now appeals to this Court and argues that his claim of unlawful detention is not moot despite his release from prison and that the District Court erred by failing to consider his deportation challenge based on the retroactivity of the Illegal Immigrant Reform and Immigrant Responsibility Act (IRRIRA) and the Antiterrorism and Effective Death Penalty Act (AEDPA). We will affirm the order of the District Court.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

"In reviewing a federal habeas judgment, we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its findings of fact." Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002) (citations omitted).

## III. Discussion

The District Court held that Wang's petition for habeas relief was moot because he was no longer in custody, as required by 28 U.S.C. § 2241, having viewed his petition as objecting only to custody, not his deportation. However, we believe the "in custody" requirement of § 2241 exists where, as here, burdensome collateral consequences continue to flow from Appellant's conviction, and his petition can be read to complain of one such consequence, namely his deportation. See United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (holding that prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a

collateral consequence of his conviction). In this case, Wang faces deportation if his habeas petition is rejected and, therefore, the petition is not moot.

Although the District Court incorrectly concluded the case was moot, it was still without power to grant Wang the relief he seeks because of Wang's failure to timely appeal the 1997 denials of his motions to reopen and reconsider the IJ's deportation order to the BIA. Thus, Wang failed to exhaust his administrative remedies before the BIA on the underlying issue of deportation and his appeal of the denial of his second motion to reopen does not revive this issue. Accordingly, the District Court is now without jurisdiction to review the deportation order. We will, therefore, affirm the order of the District Court.