451 A.2d 223

**COMMONWEALTH of Pennsylvania**

v.

**Joan WELLINGTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed Oct. 8, 1982.

George B. Ditter, Ambler, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

**HOFFMAN, Judge:**

Appellant, a resident alien, contends in this appeal from a denial of a PCHA[1] petition, that the trial court erred, or, alternatively, that counsel was ineffective, in failing to advise her that pleading guilty to retail theft, second offense, could render her subject to deportation. We conclude that the trial court did not err, but that counsel was ineffective in failing to so advise her. Accordingly, we reverse the PCHA court, allow appellant to withdraw her plea, and remand for further proceedings consistent with this opinion.

Appellant is a resident alien and a citizen of Jamaica. Represented by counsel, she pled guilty to retail theft, second offense, and was sentenced to probation and a fine. She neither petitioned to withdraw her plea nor took a direct appeal. Almost a year later, federal authorities commenced deportation proceedings. Represented by new counsel, she petitioned under PCHA to withdraw her guilty plea on grounds that neither counsel nor the court had advised her of the possible deportation consequences of her proposed guilty plea. After the parties agreed that this factual issue was not in dispute, Lower Ct.Op. at 1, the evidentiary hearing was waived. The lower court then held that appellant had no right to such advice. This appeal followed.[2]

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, No. 554, 19 P.S. § 1180–1 *et seq.*

2. The Commonwealth contends that appellant has waived any challenge to the colloquy and to counsel's effectiveness because she did not raise counsel's additional ineffectiveness in not timely petitioning the lower court for permission to withdraw the plea and in not taking a direct appeal. Under PCHA, a petitioner may not seek review of claims that were finally litigated or waived in an earlier proceeding, *see* 19 P.S. § 1180–3(d), absent a showing of extraordinary circumstances such as ineffectiveness of counsel, *see id.* § 1180–4(b)(2). *See, e.g., Commonwealth v. LaSane,* 479 Pa. 629, 389 A.2d 48 (1978). However, appellant asserts that her trial counsel was ineffective in abandoning at an early stage of the action her right to be advised of deportation consequences. She may not be penalized for counsel's failure to discover or assert his own ineffectiveness. *See, e.g., Commonwealth v. Glasco,* 481 Pa. 490, 393 A.2d 11 (1978). Because her petition was appellant's first opportunity to assert this continuing pattern of ineffectiveness through independent counsel, the issues are properly before us on this appeal.

■ Appellant contends first that the lower court should have advised her in the plea colloquy that by pleading guilty to this offense she could be subject to deportation. We disagree. Deportation is a potential collateral consequence of certain convictions of those subject to the immigration laws. *See* 8 U.S.C. § 1251. It is, however, imposed by "another agency over which the trial judge has no control and for which he has no responsibility." *Michel v. United States*, 507 F.2d 461, 465 (2d Cir. 1974). Courts have thus consistently held that a trial court's failure to inform a defendant of this potential collateral consequence does not invalidate his plea. *Fruchtman v. Kenton*, 531 F.2d 946 (9th Cir. 1976); *Michel v. United States, supra; Edwards v. State*, Fla.App., 393 So.2d 597 (1981); *State v. Reid*, 148 N.J.Super. 263, 372 A.2d 626 (App.Div.1977). Accordingly, we cannot find the court's omission to be a basis for allowing appellant to withdraw her guilty plea.

■ Appellant contends alternatively that her trial counsel was ineffective in failing to advise her before she entered the guilty plea of the possible deportation consequences. We agree. A guilty plea is a waiver of treasured rights, and to be valid it must be knowingly, intelligently, and voluntarily made. *See Commonwealth v. Ford*, 491 Pa. 586, 421 A.2d 1040 (1980). Counsel's ineffectiveness in failing to advise a defendant before a guilty plea of the significant legal consequences may therefore require that the plea be withdrawn. *See Commonwealth v. White*, 277 Pa.Superior Ct. 109, 419 A.2d 685 (1980) (counsel's failure to advise of consequences of not timely petitioning to withdraw plea); *Commonwealth v. Dyas*, 263 Pa.Superior Ct. 129, 397 A.2d 434 (1979) (duty to advise defendant of consequences of plea unless court does so). Deportation is indeed a significant consequence of certain convictions, *see* 8 U.S.C. § 1251(a), and has been likened to a "life sentence of exile," *Jordan v. DeGeorge*, 341 U.S. 223, 243, 71 S.Ct. 703, 714, 95 L.Ed. 886, 898 (1981) (JACKSON, J., dissenting); *accord, Fong Haw Tan v. Phelan*, 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433, 436 (1947) ("the equivalent of banishment"); *Ng Fung Ho v. White*, 259 U.S. 276, 284, 42 S.Ct. 492, 495, 66 L.Ed. 938, 943

(1922) (may result in the "loss of property or life; or of all that makes life worthwhile"). "Defense counsel is in a much better position [than the trial court] to ascertain the personal circumstances of his client so as to determine what indirect consequences the guilty plea may trigger." *Michel v. United States, supra* at 466. Consequently, we now hold that counsel has a duty to an alien client to inquire into and advise her of the possible deportation consequences of a contemplated plea. *See Michel v. United States, supra; Edwards v. State, supra. Cf. People v. Giron,* 11 Cal.3d 793, 114 Cal.Rptr. 596, 523 P.2d 636 (1974) (defendant's lack of awareness of deportation consequences good cause for vacating plea).[3] Because counsel's failure to undertake such actions could have no reasonable basis designed to effectuate appellant's interests, *see Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), he was ineffective, and appellant must be permitted to withdraw her guilty plea. Accordingly, we must reverse the lower court and remand for further proceedings consistent with this opinion.

So ordered.

---

**3.** *State v. Reid, supra,* relied upon by the Commonwealth, is inapposite because appellant there never alleged ineffectiveness of trial counsel.