531 A.2d 434

**COMMONWEALTH of Pennsylvania**

v.

**Jorge M. FROMETA, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1987.

Filed July 29, 1987.

Reargument Denied Sept. 28, 1987.

Petition for Allowance of Appeal
Granted Feb. 1, 1988.

314

Francis M. Socha, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

TAMILIA, Judge:

On February 10, 1986, appellant pled guilty to one charge of possession with intent to manufacture and deliver a controlled substance (cocaine), three charges of unlawful delivery of a controlled substance (cocaine), and two charges of criminal conspiracy to deliver a controlled substance (cocaine). Appellant was sentenced to four (4) to eight (8) years imprisonment on each of the above charges with all sentences to run concurrently. Appellant filed a timely petition for reconsideration of sentence which was denied on May 2, 1986. Subsequently, he filed an untimely notice of appeal to our Court, which was dismissed on July 31, 1986.

Appellant then filed a pro se petition under the Post Conviction Hearing Act, hereinafter "PCHA", 42 Pa.C.S. § 9541 *et seq.* This resulted in the appointment of present counsel, who filed an amended PCHA petition on August 29, 1986. After reviewing the amended petition the lower court ordered an evidentiary hearing to look into certain claims of ineffectiveness of trial counsel. The hearing was held on December 15, 1986 and the lower court denied all of appellant's PCHA claims on January 14, 1987. Appellant timely appeals this denial.

Appellant contends his trial counsel was ineffective in failing to inform him, prior to the entry of his guilty plea, that he could face deportation from this country as a result of a conviction on the charges involved. In finding against appellant, the lower court held that his trial counsel's failure to advise him of deportation consequences was not prejudicial. (Slip Op., Morgan, J., 1/14/87, p. 1). The lower court reasoned that in order for a defendant to claim harm, a defendant must demonstrate a reasonable probability that, but for this failure by his attorney, the result of the plea proceedings would have been different, i.e., prejudice. (*Id.* at 2). After the evidentiary hearing, the court concluded appellant had not demonstrated that his basis for entering a guilty plea—that being his hopes for a lighter sentence—would have changed if he had information concerning the collateral deportation consequences of his plea. (*Id.*).

As has been repeatedly enunciated by the Pennsylvania Supreme Court, when confronted with a claim of ineffective assistance of counsel, a reviewing court must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit and, if so, it must be determined whether the course chosen by counsel had some reasonable basis designed to serve the interest of his client. *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986); *Commonwealth v. Stoyko*, 504 Pa. 455, 475 A.2d 714 (1984); *Commonwealth v. Wade*, 501 Pa. 331, 461 A.2d 613 (1983); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). The Supreme Court set forth the standard govern-

ing ineffectiveness claims in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967):

> [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that the trial counsel's decision had any reasonable basis.[8]

. . . .

[8] ... [F]or relief to be granted, Appellant must demonstrate that counsel's ineffectiveness worked to his prejudice.... (Emphasis in the original).

The burden of establishing counsel's ineffectiveness rests upon the defendant since counsel's stewardship of the trial is presumptively effective. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Dunbar,* 503 Pa. 590, 470 A.2d 74 (1983).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court separated the ineffectiveness analysis into two distinct components: the performance component and the prejudicial component. Our Supreme Court in *Maroney, supra,* and its progeny, applied the above two-prong test which effectively comprises the "performance component" of an ineffectiveness analysis. In the recent decision of *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987) (affirming our en banc decision, 345 Pa.Super. 324, 498 A.2d 423 (1985)), the Pennsylvania Supreme Court compared the standard announced in *Maroney, supra,* with the standard set forth in *Strickland, supra,* and concluded that they constituted the same rule. In reaching this conclusion, the Court reasoned that *Maroney,* and its progeny, also included a prejudice component, and ruled that in addition to

showing there was no reasonable basis for the ineffective performance, a defendant claiming ineffectiveness of counsel must demonstrate that he was prejudiced by the ineffectiveness. *See Commonwealth v. Bennett*, 512 Pa. 525, 517 A.2d 1248 (1986); *Commonwealth v. Christy*, 511 Pa. 490, 515 A.2d 832 (1986); *Commonwealth v. Albrecht*, 510 Pa. 603, 511 A.2d 764 (1986); *Buehl, supra.* In summary, the Court stated: "we insist that our cases require that a defendant must show that the omission or commission by counsel was arguably ineffective *and* the likelihood that he was prejudiced as a result thereby." *Pierce, supra*, 515 Pa. at 161, 527 A.2d at 976 (emphasis in original). In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the *Hill* Court explained:

> The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. (Footnote omitted).

*Id.* at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210.

■ We find merit in appellant's argument that trial counsel was ineffective in failing to advise him of deportation consequences. In *Commonwealth v. Wellington*, 305 Pa.Super. 24, 27, 451 A.2d 223, 225 (1982), we held "that counsel has a duty to an alien client to inquire into and advise her [or him] of the possible deportation consequences of a contemplated plea." Further, we find no reasonable basis designed to effectuate appellant's interest for trial counsel's failure to inform appellant of the collateral consequences concerning possible deportation before entry of the guilty plea.

■ The remaining step to our ineffectiveness analysis is to determine whether appellant was prejudiced by his coun-

sel's failure to inform him of the possible deportation consequences. The Commonwealth argues that our holding in *Wellington* is not controlling in light of the prejudice component to an ineffectiveness analysis which we added in *Pierce*, decided some three years after *Wellington*. The Commonwealth points to appellant's testimony that prior to the commission of his own crimes, he had personal contact with several alien convicts who had immigration detainers against them, (H.T. 12/15/86, p. 14), and argues that appellant thus had actual notice of the deportation consequences. Also, the Commonwealth reasons, as did the trial court, that no prejudice was shown because no evidence was presented that knowledge of the deportation consequences would have affected appellant's plea, which was entered into with the motive of obtaining a lighter sentence. (H.T. 12/15/86, pp. 6–7).

Upon review of the record, we find appellant was prejudiced by his trial counsel's failure to inform him of the deportation consequences. Appellant is a Cuban refugee who entered this country by landing in Key West, Florida as part of the "Marielito" boat lift in May, 1980. (H.T. 12/15/87, pp. 10–11). Although appellant's admitted purpose for entering a guilty plea was a lighter sentence, appellant stated that if he and other Cuban aliens are returned "we will be exposed to all kind of suffering, punishment, loss of even life if we go back. That's what I am afraid of now." (H.T. 12/15/87, p. 17). From appellant's testimony it is evident that he views returning to Cuba as a serious matter involving life and death consequences. Since appellant's admitted reason for entering a guilty plea was for a lighter sentence, it is obvious that he would not have done so had he thought it could lead to his eventual deportation, which he believes could result in a "sentence" of suffering and possible death.

In finding a duty on the part of trial counsel to advise of possible deportation consequences of a contemplated plea, we stated in *Wellington, supra,* 305 Pa.Superior Ct. at 27, 451 A.2d at 225:

Deportation is indeed a significant consequence of certain convictions, *see* 8 U.S.C. § 1251(a), and has been likened

to a 'life sentence of exile,' *Jordan v. DeGeorge*, 341 U.S. 223, 243, 71 S.Ct. 703, 714, 95 L.Ed. 886, 898 (1981) (JACKSON, J., dissenting); *accord, Fong Haw Tan v. Phelan*, 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433, 436 (1947) ('the equivalent of banishment'); *Ng Fung Ho v. White*, 259 U.S. 276, 284, 42 S.Ct. 492, 495, 66 L.Ed. 938, 943 (1922) (may result in the 'loss of property or life; or of all that makes life worthwhile'). 'Defense counsel is in a much better position [than the trial court] to ascertain the personal circumstances of his client so as to determine what indirect consequences the guilty plea may trigger.' *Michel v. United States*, [507 F.2d 461], 466 [ (2d Cir.1984) ].

The prejudicial aspect of deportation is self-evident in a case dealing with a refugee from a totalitarian communist regime such as Cuba.[1]

■ Allegations of ineffectiveness of counsel in connection with a guilty plea will provide a basis of relief only if ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. West*, 336 Pa.Super. 180, 485 A.2d 490 (1984); *Commonwealth v. Owens*, 321 Pa.Super. 122, 467 A.2d 1159 (1983). Due to counsel's failure to advise appellant of the indirect deportation consequences of a guilty plea appellant entered an unknowing plea in this respect. The fact that prior to the commission of his own crimes appellant may have had contact or even knowledge of other alien convicts facing immigration detainers is irrelevant in demonstrating whether he made a knowing plea or not. The considered advice of learned counsel familiar with a case cannot be compared or substituted by a defendant-layman's general knowledge of a possibility. Therefore, we find that due to appellant's trial counsel's ineffectiveness, he was not able to enter a knowing plea and we must

---

**1.** The dissent finds a lack of prejudice to appellant and would ignore the mandate of *Wellington, supra.* This Court is not bound by the 5th and 11th Circuit cases cited by the dissent; we are bound by a prior holding of our Court. Under *Wellington,* and having found the requisite prejudice as outlined in *Pierce, supra,* we must necessarily reverse the Order of the trial court.

reverse the lower court and remand for further proceedings consistent with this Opinion.[2]

Reversed and remanded for withdrawal of guilty plea and proceedings consistent with this Opinion. Jurisdiction relinquished.

Dissenting opinion by CIRILLO, President Judge.

CIRILLO, President Judge, dissenting:

I respectfully dissent. Appellant Frometa has not shown that he was prejudiced by counsel's failure to advise him of the possible deportation consequences of his guilty plea.

This court has previously held that counsel has a duty to an alien client to inquire into and advise him of deportation consequences when considering a plea. *See Commonwealth v. Wellington*, 305 Pa.Super. 24, 451 A.2d 223 (1982). However, breach of that duty, or ineffectiveness, is not enough to entitle appellant to the relief he requests. As the majority recognizes, after proving ineffectiveness appellant must show that he has been prejudiced. In order to prove prejudice in the context of a guilty plea, appellant must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

The trial court found that, despite counsel's omissions, Frometa had not demonstrated that his plea would have changed with information concerning the collateral consequences. Frometa admitted that the motivation for his guilty plea was a lighter sentence. He testified at his PCHA hearing that, prior to his own crimes, he had personal contact with several Cuban convicts who had immigration detainers lodged against them. Indeed, Frometa knew that his immigration status might be imperiled if he was convicted of a crime. Moreover, appellant neither alleges in his

---

**2.** We need not address appellant's sentencing claim due to our decision requiring withdrawal of his guilty plea.

brief, nor has he testified that, had counsel discussed the possibility of deportation with him, he would have insisted on going to trial. Finally, Frometa has not protested his innocence. Thus, appellant has failed to meet his burden of demonstrating that he was prejudiced by counsel's ineffectiveness. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) (a defendant claiming ineffectiveness must demonstrate that he was prejudiced by the ineffectiveness).

In my opinion, counsel's error and appellant's citation to *Wellington*, without more, does not entitle him to withdraw his guilty plea. *See Hill v. Lockhart, supra. See also United States v. Gavilan*, 761 F.2d 226 (5th Cir.1985) (where defendant, a Cuban refugee, failed to demonstrate that he would have pleaded differently had counsel advised him that he could be deported following conviction on drug charges, court held counsel was not ineffective); *United States v. Campbell*, 778 F.2d 764 (11th Cir.1985) (counsel was not constitutionally ineffective for failing to advise defendant of the deportation consequences of her guilty plea).

I would affirm the judgment of sentence.