555 A.2d 92

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Jorge FROMETA, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 26, 1988.

Decided March 6, 1989.

Richard A. Lewis, Todd B. Narvol, Dist. Atty's. Office, for appellant.

George S. Leone, Asst. Dist. Atty., Ronald Eisenberg, Chief, Appeals Unit, Gaele McLaughlin Barthold, Deputy Dist. Atty., William G. Chadwick, Jr., First Asst. Dist. Atty., Ronald D. Castille, Dist. Atty., for amicus curiae Philadelphia Dist. Atty's. Office.

Francis M. Socha, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

OPINION

LARSEN, Justice.

On February 10, 1986, Appellee, Jorge Frometa was charged with one count of possession with intent to manufacture and deliver cocaine, three counts of unlawful delivery of cocaine and two counts of criminal conspiracy. He entered pleas of guilty to these charges and was sentenced to a term of four (4) to eight (8) years imprisonment. Frometa is a Cuban National who entered the United States as part of the Marielito boat lift off the coast of Key West, Florida on May 21, 1980. As a result of his convictions an immigration detainer was lodged against Frometa by the Immigration and Naturalization Service (INS).

Following sentencing, Frometa filed a motion to modify his sentence which was denied by the court. A direct appeal was taken and dismissed as untimely. Frometa then petitioned the court under the Post Conviction Hearing Act alleging that his trial counsel was ineffective in failing to advise him of the collateral consequences of entering guilty pleas, namely the possibility of being deported. After an evidentiary hearing was held, the court denied post conviction relief and Frometa appealed. On appeal the Superior Court, relying upon its decision in *Commonwealth v. Wellington*, 305 Pa.Super. 24, 451 A.2d 223 (1982), determined that counsel was ineffective in failing to advise Frometa of the deportation consequences of pleading guilty. The Superior Court reversed and remanded the case to the trial court for the withdrawal of the guilty pleas. *Commonwealth v. Frometa*, 366 Pa.Super. 313, 531 A.2d 434 (1987). We granted the Commonwealth's petition for allowance of appeal and we now reverse.

In *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) this court set forth the standard for judging claims of ineffectiveness. This standard requires a showing that counsel's performance was unreasonable, where the claim is of arguable merit, and that the defendant was prejudiced. *Id.*, 515 Pa. at 158, 159, 527 A.2d at 975.

Just as the trial judge must insure that a guilty plea is voluntarily and knowingly made, "... allegations of ineffective assistance of counsel in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea". *Commonwealth v. Williams*, 496 Pa. 486, 488, 437 A.2d 1144, 1146 (1981) citing, *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978). Central to the question of whether the defendant's plea was entered voluntarily and knowingly is the fact that the defendant know and understand the nature of the offenses charged in "as plain a fashion as possible". *Commonwealth v. Anthony*, 504 Pa. 551, 559, 475 A.2d 1303, 1307 (1984). As Justice McDermott stated in *Anthony*, "[a] guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt". *Id.*, 504 Pa. at 559, 475 A.2d 1303, 1307–1308 (1984). Thus, in *Anthony* we noted that a trial judge is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing. *Id.*, 504 Pa. at 560, 475 A.2d at 1308 fn. 4.

■ Similarly, a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea. Like the distinctions in the law regarding the waiver of the right to a jury trial, alluded to by Justice McDermott in *Anthony*, the collateral consequences of pleading guilty are both numerous and remote.[1] Most importantly, they are irrelevant to the deter-

---

1. A mere sampling of collateral consequences of pleading guilty are the loss of the right to vote, U.S. Const. amend. XIV, § 2, to enlist in the armed services, 10 U.S.C.A. § 504, to own a firearm, 18 Pa.C.S.A. § 6105, or fishing license, 30 Pa.C.S.A. § 928, to inherit property, 20 Pa.C.S.A. §§ 8802–11, and to practice a particular profession, *e.g.*, 63 P.S. §§ 422.22(b), 422.40(b), 422.41(3) (physician); 63 P.S. § 479.11(a) (funeral director); 63 P.S. § 34.19(a)(8) (architect). It may be grounds for divorce 23 P.S. § 201(a)(5), or termination of parental rights, *In re Adoption of M.J.H.*, 348 Pa.Super. 65, 501 A.2d 648, *appeal denied*, 514 Pa. 636, 522 A.2d 1105, *appeal dismissed*, —— U.S. ——, 108 S.Ct. 49, 98 L.Ed.2d 13 (1987), and may signal disqualification from

mination of whether a guilty plea was entered voluntarily and knowingly. Therefore, we now hold that counsel, in providing adequate assistance to a criminal defendant who is contemplating a guilty plea, is not required to advise a defendant of the collateral consequences of pleading guilty.

■ Deportation is but one of a host of collateral consequences of pleading guilty. See, United States v. Romero–Vilca. 850 F.2d 177 (3d Cir.1988). See also, Collateral Consequences of Guilty Pleas in the Federal Criminal Justice System, 16 Harvard C.R.C.L.L.Rev. 157 (1981). Thus, counsel in the present case was not ineffective in failing to advise Frometa of the possibility of deportation.[2]

public office, Pa. Const. Art. II § 7, or dismissal for cause from public employment, 18 Pa.C.S.A. § 9125.

**2.** We note that our decision is in line with a majority of state and federal courts. See, Tafoya v. State, 500 P.2d 247 (Alaska 1972) cert. den. 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (failure to inform an alien defendant of the possibility of deportation does not constitute ineffective assistance); State v. Malik, 37 Wash.App. 414, 680 P.2d 770 (1984) (it is not incumbant upon defense counsel to explain the collateral consequence of deportation to criminal defendant); State v. Chung, 210 N.J.Super. 427, 510 A.2d 72 (1986) (defense counsel need only advise a criminal defendant of the direct consequences of pleading guilty); State v. Ginebra, 511 So.2d 960 (Fla.1987) (failure of counsel to inform of the collateral consequences of deportation does not undermine guilty plea); Mott v. State, 407 N.W.2d 581 (Iowa, 1987) (failure to advise a criminal defendant of the collateral consequences, even "serious ones" like deportation can not be the basis of an ineffectiveness claim); State v. Santos, 136 Wis.2d 528, 401 N.W.2d 856 (1987) (knowledge of the collateral consequences is not a prerequisite to a knowing and intelligent plea). See also, United States v. Santelises, 476 F.2d 787 (2d Cir.1973); United States v. Romero–Vilca, 850 F.2d 177 (3d Cir.1988); United States v. Campbell, 778 F.2d 764, 767 (11th Cir.1985); LaPorta v. United States, 651 F.Supp. 884 (E.D.Pa. 1986). See generally, 65 A.L.R. 4th 719 (1988). In comparison, the leading cases cited for the rule that the failure to advise an alien defendant of the collateral consequences of pleading guilty constitutes ineffective assistance of counsel, are an opinion by the Florida Court of Appeals in Edwards v. State, 393 So.2d 597 (Fla.App.1981) and our own Superior Court opinion in Commonwealth v. Wellington, 305 Pa.Super. 24, 451 A.2d 223 (1982). The Florida Supreme Court recently disapproved of Edwards in State v. Ginebra, 511 So.2d 960 (Fla. 1987). Similarly, today we disapprove of the Superior Court opinion in Commonwealth v. Wellington, 305 Pa.Super. 24, 451 A.2d 223 (1982) to the extent that it is inconsistent with this opinion.

And, as there was no ineffectiveness on counsel's part the defendant's request for relief must be denied.

Accordingly, we reverse the order of the Superior Court and reinstate the judgment of sentence.

STOUT, J., filed a concurring opinion.

NIX, C.J., concurred in the result.

ZAPPALA, J., filed a dissenting opinion.

STOUT, Justice, concurring.

I find myself unable to join the majority opinion, so I write separately to express my own views.

Where is a defendant, especially a defendant who is new to this country and who may not even speak English, supposed to learn that one consequence to pleading guilty is that he will be deported? The majority states that " '... allegations of ineffective assistance of counsel will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.' " *Supra*, at 555 (quoting *Commonwealth v. Williams*, 496 Pa. 486, 488, 437 A.2d 1144, 1146 (1981) (citing *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978))). In many cases it may be more probable than not that had counsel informed the defendant of the consequences of a guilty plea, the defendant would not have entered the plea.

While it may be too much to require a criminal defense attorney to become expert in the byzantine intricacies of immigration law, I would strongly urge a lawyer to make the client aware that there are consequences in terms of the client's immigration status. While those consequences may not always be of paramount concern to every client, not to provide some warning is a great disservice to those few clients to whom it would be of paramount concern because of their immigrant status. Such a precaution would impose a minor burden on counsel and would be of great benefit to defendants.

Ever since William Penn first led the Society of Friends to Philadelphia, immigrants have sought refuge in America from the political and religious persecution in their native lands. The promise of a better life in America is held out not only to our children in schools but also to people throughout the world. Not to warn immigrant clients that a guilty plea might have an impact on their immigration status comes dangerously close to rendering this promise hollow.

ZAPPALA, Justice, dissenting.

I dissent because I believe that trial counsel was ineffective in failing to advise the defendant of the deportation consequences of entering a guilty plea. I would affirm the order of the Superior Court based upon the reasoning set forth by Judge Tamalia.