## Commonwealth v. Zakzuk-Deulofeut

C.P. of Berks County, no. CP-06-CR-3103-2009.

*Alisa R. Hobart,* for Commonwealth.
*Jill M. Scheidt,* for defendant.

PARISI, *J.,* November 9, 2010—The defendant appeals this court's order denying his post-sentence motion to withdraw his nolo-contrendre plea. The defendant entered a nolo-contendere plea to one count of possession of a small amount of marijuana/30 grams or less[1] entered on March 5, 2010 following the close of the commonwealth's case at a non-jury trial. The defendant was sentenced to pay a fine in the amount of $200.00. The defendant was represented by George Gonzalez, Esquire (defense counsel) at his bench trial, plea, and sentencing. The defendant filed the motion on April 27, 2010. On August 10, 2010, this court held a hearing on the motion.[2] On September 14, 2010, this court denied the defendant's motion. On October 12, 2010, the defendant filed a notice of appeal.

The defendant raises the following claim on appeal:

1. Whether trial counsel was constitutionally incompetent in failing to advise appellant of the deportation consequences of pleading nolo contendere to possession of marijuana pursuant to *Padilla v. Kentucky,* 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)?

Defendant's concise statement of matters complained of on appeal, 10/25/10.

The defendant contends he is entitled to withdraw his

---

1. 35 P.S. § 780-113(a)(31).
2. Since the defendant's motion was filed after the ten-day time limit in Pa. R. Crim. P. 720 and the thirty-day time limit in 42 Pa. C.S.A. §5503, the motion should be treated as a request for relief under Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. C.S.A. §9541 et seq.

plea of nolo contendere pursuant to the Supreme Court's recent decision in *Padilla v. Kentucky*, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).[3] *Padilla* held that the failure of a criminal defense attorney to advise his non-citizen client of the immigration consequences of a guilty plea renders the defense attorney incompetent under the first prong of the ineffective assistance of counsel test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland's* two-prong test, counsel is deemed ineffective when: (1) their representation falls below an objective standard of reasonableness; and (2) the defendant demonstrates there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

In *Padilla*, defense counsel provided his non-citizen client with incorrect advice regarding the immigration consequences of pleading guilty to a marijuana trafficking offense. 130 S.Ct. at 1478. In reaching its decision, the Supreme Court stated deportation is a severe penalty and recognized that our law has enmeshed criminal convictions with the penalty of deportation given the broad class of offenses for which a conviction results in automatic deportation. *Id.* at 1481. The court found it "most difficult" to divorce the penalty from the conviction

---

3. This court recognizes that the defendant's motion to withdraw his plea is predicated on an ineffective assistance of counsel claim which must be brought under 42 Pa. C. S.A. §9545 et seq. Section 9543 requires, as a procedural matter, that a defendant seeking relief under the PCRA be serving a sentence of imprisonment, probation, or parole. While the defendant in this case was only sentenced to pay a fine, we will nevertheless address the merits of the defendant's claims, as the *Padilla* court determined that deportation is no longer a collateral consequence of a criminal conviction and counsel's conduct in this regard is a basis for ineffectiveness under the Sixth Amendment.

in the deportation context, and concluded that advice regarding the immigration consequences of a guilty plea falls under the Sixth Amendment right to effective assistance of counsel. Therefore, defense counsel had an obligation to advise his client that the offense to which his client was pleading guilty would result in deportation since the consequences of pleading guilty could easily be determined from reading the text of the removal statute. *Id.* at 1483.

The court further opined that "[w]hen the law is not succinct and straightforward...a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* However, rather than granting the defendant a new trial, the Supreme Court remanded the case stating whether the defendant was entitled to relief depended on whether he had been prejudiced by counsel's action. *Id.*

The defendant in the present case, a non-citizen, is not entitled to relief as trial counsel satisfied his constitutional obligations under *Padilla*. Additionally, even if trial counsel's actions were deemed to fall below the standard in *Padilla*, the defendant is not entitled to relief as he has not demonstrated that trial counsel's actions prejudiced him.

Given the holding in *Padilla*, criminal defense attorneys are required to accurately inform a non-citizen defendant of the deportation consequences of pleading guilty when the law is clear that the offense will result in automatic deportation. When the law is unclear, however, a defense

attorney must advise his client that pleading guilty *may* result in adverse immigration consequences to meet their constitutional obligations under *Padilla*.

Prior to the charge being filed in the present case, trial counsel successfully represented the defendant in a cancellation of deportation hearing following a conviction for a possessory drug offense in 2008. At the hearing on the defendant's motion to withdraw his plea, trial counsel testified that he was unsure about what effect the prior cancellation of deportation would have in a subsequent immigration hearing if the defendant pled nolo contendere to possession of a small amount of marijuana in this case.[4] After researching the issue and conferring with other immigration attorneys, trial counsel remained uncertain about the risk of deportation. Because the law in this area was unclear, trial counsel was simply required to advise the defendant that a plea of nolo contendere *could* result in deportation under *Padilla*. Trial counsel fulfilled this obligation, as the credible evidence in the record establishes defense counsel advised the defendant prior to accepting the plea, that a plea of nolo contendere could result in deportation.[5] Consequently,

4. Under 8 U.S.C.A. § 1227(a)(2)(B)(i), any alien convicted of an offense relating to controlled substances, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable. Here, trial counsel stated he was unsure whether the cancellation of deportation wiped away the prior possession offense for purposes of mandatory deportation. Trial counsel indicated that his independent research on this issue did not reveal a clear answer and that his discussions with other immigration attorneys yielded a split of opinions.

5. This court notes that trial counsel's actions were especially reasonable given that when the defendant entered his plea on March 5, 2010, trial counsel did not have the benefit of the Supreme Court's decision in *Padilla* as this decision was not entered until March 31,

defense counsel's representation did not fall below an objective standard of reasonableness.

Furthermore, the record from the defendant's nolo contendere plea colloquy establishes that the defendant was adequately informed of the possible immigration consequences of his plea. (Notes of testimony, nolo contendere plea colloquy, March 5, 2010, at p. 20-21) The defendant prepared and signed a statement accompanying defendant's request to enter a nolo contendere plea with trial counsel's assistance. On page 1, paragraph 4 of this document, the defendant indicated that he is not a United States citizen and understood that by entering his plea "[he] may be deported or face other actions which may affect [his] ability to remain in the United States." The defendant signed this document at the bottom of page one and also at the end of the document. He further stated on the record that he understood everything in the document and he did not have any questions about its content. *Id.* at 21. Additionally, trial counsel provided his signature at the end of the document indicating that he had explained the defendant's rights to him as they were set out in the document. Based on all of these circumstances, trial counsel did not render ineffective assistance under *Padilla*.

---

2010. *Commonwealth v. Frometa*, 555 A.2d 92 (Pa. 1989), which held that defense counsel is not ineffective for failing to inform their clients of the immigration consequences of accepting a plea because these consequences were collateral to the criminal conviction, was the controlling law at the time of the defendant's plea. *Padilla* subsequently overruled *Frometa*.

After considering the answers which the defendant gave at his plea colloquy and the answer's provided by the defendant in his statement accompanying defendant's request to enter a nolo contendere plea, this court finds the defendant entered his plea knowingly, intelligently, and voluntarily.

Additionally, the Supreme Court determined, in *Padilla*, that a defendant seeking relief on the basis of their defense counsel failing to properly advise them of the immigration consequences of a plea must also establish the additional element of prejudice to obtain relief. Accordingly, even if a reviewing court finds that defense counsel's actions in this case fell below an objective standard of reasonableness, the defendant is not entitled to relief unless he further establishes that counsel's actions prejudiced him. Moreover, to establish ineffective assistance of counsel under Pennsylvania law, a defendant must demonstrate (1) their underlying claim is of arguable merit; (2) the course of conduct pursued by counsel did not have some reasonable basis designed to effectuate the client's interests; and (3) counsel's actions prejudiced the defendant. *Commonwealth v. Hammond,* 953 A.2d 544, 556 (Pa. Super. 2008).

The defendant in this case is not entitled to relief under either federal or Pennsylvania law as trial counsel's actions had a reasonable basis and the defendant has failed to demonstrate that trial counsel's actions prejudiced him.

The evidence presented by the commonwealth at the defendant's bench trial was more than sufficient to support the defendant's conviction of possession of a small amount of marijuana. Reading Police Officer Tina Fallstich entered the defendant's apartment in response to a domestic dispute. She observed the defendant hand a young child a green item when she asked to search the defendant. The child subsequently gave the item, a small packet of marijuana, to Officer Fallstich.

After weighing the commonwealth's evidence and the defense's strategy, trial counsel believed that the defendant would be convicted if the case went to this court for verdict. Given the nebulous state of law regarding deportation in the context of this case and his belief that a conviction was imminent based on the commonwealth's evidence, trial counsel determined the defendant's best chance to avoid deportation was no longer to seek an acquittal at trial, but to enter a plea of nolo contendere. Moreover, the evidence in the record established that the defendant already had actual knowledge that his plea could result in deportation, as the judge at his 2008 deportation hearing warned him that he could be deported if he got into trouble again.

Under the circumstances, trial counsel's actions had a reasonable basis designed to effectuate the defendant's best interests. Given the evidence presented at trial, the defendant has not established a reasonable probability that the immigration consequences would have been different if counsel had told the defendant that a plea of nolo contendere to possessing a small amount of marijuana would automatically result in deportation. As a result, the defendant was not prejudiced when trial counsel advised him to take this plea and stated that it "could go either way" with regard to deportation.

Therefore, relief is not warranted under Pennsylvania law nor under the ineffectiveness standard established in *Strickland* and expanded upon in *Padilla*.

For the foregoing reasons, this court respectfully requests that the defendant's appeal be denied.