J-S02003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL MATTEW | |
| Appellant | No. 1341 EDA 2013 |

Appeal from the PCRA Order April 5, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007066-2010

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.: **FILED FEBRUARY 06, 2015**

Appellant, Paul Mattew, appeals from the April 5, 2013 order dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we vacate and remand for further proceedings.

We summarize the relevant factual and procedural history of this case as follows. On February 9, 2011, Appellant pled *nolo contendere* to one count each of indecent assault and simple assault.[1] That same day, the trial court imposed an aggregate sentence of four years' probation. Appellant did not file a direct appeal with this Court.

---

[1] 18 Pa.C.S.A. §§ 3126(a)(1) and 2701(a)(1), respectively.

On January 27, 2012, Appellant filed a timely counseled PCRA petition. On February 15, 2013, the Commonwealth filed its motion to dismiss Appellant's PCRA petition. On April 5, 2013, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing.[2] On May 3, 2013, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following three issues for our review.

> (1) Did the [PCRA] court [] commit error by failing to order and hold an evidentiary hearing to determine if trial counsel's representation amounted to a violation of his right to counsel under the U.S. (amends. VI & XIV) and Pennsylvania (art. 1, § 9) Constitutions by failing to advise Appellant that he may be subject to state mandatory reporting laws of a foreign jurisdiction under Megan's Law where counsel knew that Appellant would reside in another state?
>
> (2) Whether the PCRA court erred by failing to permit the withdrawal of Appellant's no contest plea where the [General Assembly] enacted new legislation known as "SORNA" that unconstitutionally and retroactively made the reporting/registration guidelines applicable to Appellant where Appellant's no contest plea was entered upon reliance that he would not be subject to registration under Megan's Law and where this was a plea negotiated contract between him and the Commonwealth?

---

[2] Also on April 5, 2013, the PCRA court conducted a violation of probation hearing, at the conclusion of which the PCRA court revoked Appellant's probation and sentenced him to a period of incarceration of six to 12 months' imprisonment, to be followed by two years' probation.

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

(3)    Whether the PCRA court violated Appellant's constitutional rights under the U.S. (amends. VIII & XIV) and Pennsylvania (art. 1, § 13) Constitutions by not permitting him to withdraw his no contest plea where newly adopted legislation, imposed *ex post facto*, would result in cruel and unusual punishment, i.e., retroactive institution of an extended mandatory reporting/registration for misdemeanor offenses?

Appellant's Brief at 5.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right …

to have the Assistance of Counsel for his defence."[4]  U.S. Const. amend. VI. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel.  *See generally Strickland v. Washington*, 466 U.S. 668, 686; *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Fears*, *supra* at 804 (brackets in original; citation omitted).  To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).  "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013) (citation omitted).

---

[4] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …." Pa. Const. art. I, § 9.  Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment. *Pierce*, *supra* at 976.

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Roney***, ***supra*** at 605 (citation omitted).

In his first issue, Appellant avers that plea counsel erroneously advised him that he would not have to register in Delaware under Delaware's version of Megan's Law. Appellant's Brief at 13. The Commonwealth avers, and the PCRA court concluded, that Appellant's claim lacked merit based on our Supreme Court's decision in ***Commonwealth v. Abraham***, 62 A.3d 343 (Pa. 2012). Commonwealth's Brief at 6-7; PCRA Court Opinion, 12/26/13, at 5. The Commonwealth and the PCRA court also argue that Appellant's

claim is not controlled by the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010). *Id.*

In *Padilla*, the defendant argued that trial counsel was ineffective for giving him misleading information about the immigration consequences of his guilty plea. *Id.* at 359. The Supreme Court concluded that the defendant had satisfied the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984), "whether counsel's representation 'fell below an objective standard of reasonableness.'" *Padilla*, *supra* at 366, *quoting id.* at 688. The Court summarized the scope of a defense attorney's duty regarding the immigration consequences of a guilty plea as follows.

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward … , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

*Id.* at 369. The Court left open the question as to whether Padilla had shown the required prejudice under **Strickland**, instead remanding the case for the Kentucky courts to consider the issue in the first instance.[5] *Id.*

In **Abraham**, our Supreme Court held that **Padilla** did not abrogate this Commonwealth's traditional "direct versus collateral consequence" analysis. **Abraham**, *supra* at 350. Essentially, our Supreme Court carved out immigration from all other collateral consequences. **See id.** (stating, "[a]ccordingly, we hold **Padilla** did not abrogate application of such analysis in cases that do not involve deportation[]"). Our Supreme Court further concluded, "[**Commonwealth v. Frometa**, 555 A.2d 92 (Pa. 1989)]'s general holding remains: a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea." *Id.* Therefore, the Commonwealth and the PCRA court's recitation of **Padilla** and **Abraham** is correct.

However, Appellant argues that counsel affirmatively gave him erroneous advice about his requirement to register as a sex offender in Delaware, rather than arguing that counsel failed to outright advise him.

---

[5] On remand, the Court of Appeals of Kentucky concluded that Padilla had shown prejudice and his conviction was vacated. **Padilla v. Commonwealth**, 381 S.W.3d 322, 330 (Ky. Ct. App. 2012).

Appellant's Brief at 13. Our recent cases have drawn a sharp distinction between these two claims.

> The Commonwealth is correct that our Supreme Court has held that sexual offender registration requirements are collateral consequences to a defendant's *nolo contendere* plea and that a defendant's lack of knowledge of those consequences does not undermine the validity of the plea. **See** [**Commonweath v. Leddig**, 956 A.2d 399, 406 (Pa. 2008)] ("To the extent that there was any confusion following those decisions that the registration requirements of Megan's Law are collateral and not direct consequences of a plea or other conviction, we settle the issue here: such requirements are collateral consequences and, as such, a defendant's lack of knowledge of these collateral consequences to his or her pleading guilty or *nolo contendere* fails to undermine the validity of the plea."). However, this Court recently stated:

>> As clear as our case law is that counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel, it is equally clear that counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences, without regard to whether the consequences in question are "direct" or "collateral."

> [**Commonwealth v. Barndt**, 74 A.3d 185, 196 (Pa. Super. 2013)] (citations omitted).

**Commonwealth v. Lippert**, 85 A.3d 1095, 1100-1101 (Pa. Super. 2014).

As noted above, Appellant's argument is that trial counsel erroneously advised him that he would not have to register as a sex offender in Delaware. Appellant's Brief at 13. This is a distinct claim from one alleging

counsel failed to advise him of sex offender registration obligations at all. *See id.* Therefore, the PCRA court's conclusion as to **Abraham**'s applicability in this case was not correct. Consistent with **Lippert**, Appellant was entitled to an evidentiary hearing to prove his allegation.[6] *See id.* at 1101 (stating, "[g]iven our conclusion that Appellant's claim of ineffective assistance of counsel potentially has arguable merit, we agree with [Lippert] that he is entitled to an evidentiary hearing in order to attempt to prove his claim[]").

Based on the foregoing, we conclude that the PCRA court abused its discretion when it dismissed Appellant's PCRA petition without an evidentiary

_____

[6] Also as in **Lippert**, "[f]or the sake of clarity, [on remand] Appellant must prove all three prongs of the ineffective assistance of counsel standard in order to receive PCRA relief." **Lippert**, *supra* at 1101. This includes that his claim affirmatively does have arguable merit insofar that the State of Delaware can or has required him to register for 15 years as a sex offender as Appellant avers, since Appellant was not required to register under Megan's Law in Pennsylvania as a result of his *nolo contendere* plea to indecent assault graded as a second-degree misdemeanor. **Cf.** Del. Code Ann. tit. 11, § 4121(a)(4)(c) (stating the definition of sex offender as one who is or has been, "[c]onvicted of any offense specified in the laws of another state, commonwealth, territory, or other jurisdiction of the United States **requiring registration in that jurisdiction**, or a conviction in any foreign government, which is the same as, or equivalent to, any of the offenses set forth in paragraph (a)(4)a., (a)(4)b. or (a)(4)d. …") (emphasis added); 42 Pa.C.S.A. § 9795.1(a)(1) (requiring a ten-year registration period for those convicted under "18 Pa.C.S. § 3126 (relating to indecent assault) where the offense is **graded as a misdemeanor of the first degree or higher**[]) (emphasis added).

- 9 -

hearing.[7] **See Roney**, **supra**. Accordingly, the PCRA court's April 5, 2013 order is vacated, and the case is remanded for further proceedings, consistent with this memorandum.[8]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015

_____

[7] Because we conclude that Appellant's first issue entitles him to relief, we ordinarily would not need to address his remaining two issues pertaining to SORNA. However, we note that another trial court judge granted Appellant's motion to enforce his plea agreement and concluded SORNA does not apply to him. The Pennsylvania State Police filed notices of appeal in Appellant's case and many other cases with similar postures. This Court consolidated all of the cases and quashed the Pennsylvania State Police's appeals for want of standing. **See generally Commonwealth v. Cheeseboro**, 91 A.3d 714 (Pa. Super. 2014) (*per curiam*). Because SORNA does not apply to Appellant, his remaining two issues on appeal regarding SORNA's applicability and constitutionality are moot.

[8] We decline the Commonwealth's invitation to affirm the PCRA court's order on the basis that Appellant failed to attach a witness certification to his PCRA petition as required by Section 9545(d)(1). Initially, we note that "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect." **Commonwealth v. Pander**, 100 A.3d 626, 642 (Pa. Super. 2014) (*en banc*); **accord** Pa.R.Crim.P. 905(B). Additionally, as Appellant's claim only pertains to legal advice between him and his attorney, it is unclear who Appellant would call as a witness other than himself. Presumably, trial counsel would be called as the Commonwealth's witness.