J-S84015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT A. KIELY, | |
| Appellant | No. 1717 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 11, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003335-2017

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 20, 2019**

Appellant, Robert A. Kiely, appeals from the judgment of sentence of 72 hours' to 6 months' imprisonment, imposed after he pled guilty to one count of driving under the influence (DUI), 75 Pa.C.S. § 3802(d)(1)(ii).  We affirm.

The facts of Appellant's underlying conviction are not pertinent to his appeal.  We only note that on May 11, 2018, Appellant pled guilty to the above-stated offense and was sentenced as stated *supra*.  He did not file a post-sentence motion.  Instead, Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The trial court filed its opinion on June 28, 2018.

Herein, Appellant states two issues for our review:

1. Did the trial court err as a matter of law by accepting a negotiated guilty plea[,] which was not voluntary?

2. Was trial counsel ineffective in failing to state on the record and failing to explain to his client in a guilty plea that he would lose certain fundamental rights by pleading guilty, including the right to carry a firearm, the right to vote and certain custody rights now and in the future[?]

Appellant's Brief at 5.

Appellant first contends that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to inform him, during the plea colloquy, that his conviction would result in "the loss of certain fundamental rights[,] including the prohibition of purchasing or possessing [] a firearm." *Id.* at 8. Appellant also points out that the written plea colloquy did not "mention[] anything about the loss of firearms rights[,]" and neither the written, nor oral, colloquy discussed the implications his plea would have on his "voting rights, child custody issues, or driving suspension." *Id.* Consequently, Appellant argues that his plea was not knowingly entered and, thus, it is invalid.

Appellant has waived this claim for our review. Appellant did not file a post-sentence motion seeking to withdraw his plea, nor did he orally contest the validity of his plea before the trial court. Therefore, he has waived any challenge to his plea on appeal. *See* Pa.R.Crim.P. 720(B)(1)(a)(i); *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.").

Alternatively, we would also deem Appellant's first issue waived based on his failure to develop a meaningful argument, or provide citations to any legal authority, in support of this claim. *See* Appellant's Brief at 8 (setting forth his first issue with only one paragraph of argument, and no citations to the record or any legal authority); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Notwithstanding Appellant's waiver of his first issue, we would deem it meritless. Our Supreme Court has

> held that a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea. *Commonwealth v. Frometa*, … 555 A.2d 92 ([Pa.] 1989). *See also United States v. Romero–Vilca*, 850 F.2d 177 (3rd Cir. 1988) (deportation a collateral consequence of pleading guilty). We have also recognized that the collateral consequences of pleading guilty are "numerous". *Frometa*, … 555 A.2d at 93. A sampling of collateral consequences for pleading guilty includes: loss of the right to vote, U.S. Const. amend. XIV, § 2; to enlist in the armed services, 10 U.S.C.A. § 504, to own a firearm, 18 Pa.C.S.[] § 6105, or fishing license, 30 Pa.C.S.[] § 928; to inherit property, 20 Pa.C.S.[] §§ 8802–11, and to practice a particular profession, *e.g.,* 63 Pa.C.S.[] § 479.11(a) (funeral director); 63 Pa.C.S.[] § 34.19(a)(8) (architect). *See Frometa*, … 555 A.2d at 93 n. 1.

*Commonwealth v. Duffey*, 639 A.2d 1174, 1176 (Pa. 1994). The *Duffey* Court further added "that [the] loss of driving privileges is a civil collateral consequence" and, therefore, "there is no requirement that [a defendant] know of this consequence at the time of his guilty plea." *Id.* Accordingly, we would deem meritless Appellant's contention that his plea is invalid because he was unaware of certain collateral consequences of entering that plea, even had he preserved this claim for our review.

In Appellant's second issue, he avers that his plea counsel acted ineffectively by not informing him of the above-discussed collateral consequences of entering his guilty plea. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *Holmes*, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. *See id.* at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express

waiver of PCRA review").  Thus, we decline to review the merits of Appellant's second issue.[1]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/19

---

[1] We note, however, that in support of his ineffectiveness claim, Appellant simply reiterates his argument that, because he was uninformed of the collateral consequences of his plea, it is invalid.  For the reasons stated *supra*, Appellant's plea is not invalid on this basis; therefore, he would not be entitled to relief on his ineffectiveness claim on that basis alone.  ***See Commonwealth v. Watson***, 835 A.2d 786, 795 (Pa. Super. 2003) ("Claims of ineffectiveness of counsel that are raised in the context of a guilty plea may provide a basis for relief only if counsel's ineffectiveness caused an involuntary or unknowing plea.") (citation omitted).