# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 26, 2011 Session

## IVANO STAMEGNA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 276875     Don W. Poole, Judge**

---

**No. E2011-00107-CCA-R3-PC - Filed November 29, 2011**

---

The Petitioner, Ivano Stamegna, pled guilty to attempt to possess more than 300 grams of cocaine, and the trial court sentenced him to eight years. In 2010, the Petitioner filed a petition for post-conviction relief. After a hearing, the post-conviction court dismissed the petition, concluding that he did not file his petition within the applicable statute of limitations. On appeal, the Petitioner contends that the post-conviction court erred because either the statutory exception for new, retrospectively applicable constitutional rights or the constitutional exception for due process require the tolling of the statute of limitations. After a thorough review of the record and the applicable authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. J.C. MCLIN, J., not participating.[1]

Marya L. Schalk, Chattanooga, Tennessee, for the appellant, Ivano Stamegna.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William H. Cox, III, District Attorney General, and Lance Pope, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

---

[1] The Honorable J.C. McLin died September 3, 2011, and did not participate in this opinion. We acknowledge his faithful service to this Court.

## I. Procedural History

On July 17, 1996, the Petitioner pled guilty to attempt to possess more than 300 grams of cocaine, and the trial court sentenced him to serve nine years in the Tennessee Department of Correction, which it later reduced to eight years in an amended judgment. On August 20, 2010, fourteen years after the guilty plea, the Petitioner filed a petition for post-conviction relief, claiming that he received the ineffective assistance of counsel because his trial counsel failed to advise him of the effect of his guilty plea on his immigration status. The trial court held a hearing on this petition and the parties presented the following evidence: The Petitioner's trial counsel, ("Counsel"),[2] testified that he represented the Petitioner on drug-related federal and state charges in 1995. Based upon information from Counsel's investigation of the informant used in the Petitioner's cases, the federal case was dismissed and the state case proceeded in state court.

Counsel testified that he believed the Petitioner's case was a "very defendable case." Counsel recalled that the Petitioner wanted to proceed to trial, but his wife was "more interested" in having him return home quickly. As a result, the Petitioner pled guilty in state court to attempt to possess more than 300 grams of cocaine, and the trial court sentenced him to nine years, which it later reduced to eight years. The Petitioner was released on probation after serving approximately one year in jail, and his probation supervision was transferred to California, where the Petitioner lived.

Counsel testified that, when federal authorities originally detained the Petitioner, the United States Immigration and Naturalization Service ("INS") put a hold on the Petitioner. After Counsel negotiated for the dismissal of the federal charges, INS removed the hold. Counsel said that, based upon the removal of the hold, "it appeared that there was not going to be a problem." When asked if Counsel discussed the immigration consequences relating to the Petitioner's plea in state court, Counsel responded:

> It's been fourteen years but I believe that because of the fact the federal case was dismissed and the INS hold had been removed and there was no hold placed on him here, that we didn't have much discussion about it. I don't know if we said anything, whether I said it won't affect it or not, in all candor I don't recall.

Counsel testified that he kept in contact with the Petitioner and his wife over the years,

---

[2] Counsel and the Petitioner's post-conviction counsel, at the time of this hearing, were both employed at the same law firm. The Petitioner executed a waiver of any conflict of interest, which is included in the appellate record.

2

describing the interaction as a "pleasant relationship." More recently, the Petitioner contacted Counsel about this post-conviction petition. Counsel said that the Petitioner told him that, when the Petitioner attempted to apply for citizenship in 2009, he received notification of his ineligibility for naturalization based upon the 1996 conviction. The notification also informed him that his conviction was a "deportable offense." Deportation proceedings were then initiated against the Petitioner.

Counsel testified that he was familiar with 8 U.S.C 1251 (1996), which provides:

> Any alien who at any time after entry who has been convicted of a violation of or a conspiracy or an attempt to violate any law or regulation of a state, United States, or a foreign country relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana is deportable.

Counsel said that he "was under the impression" that this section was "discretionary" but acknowledged that he had not reviewed this law "in some time."

Counsel testified that he believed there is an obligation for attorneys to tell defendants about any consequence to the entry of a plea agreement in existence at the time of the plea. He went on to say, "In this situation there was, you know, *Padilla* had not come down the pike you might say and so certainly there was no reason to discuss it at that time based on the fact the INS hold had been withdrawn."

The Petitioner testified that he moved from Italy to the United States in 1970. He said he was married and had four children, three of whom were still living with the Petitioner in Irvine, California, at the time of the hearing. The Petitioner explained that he had lived in the United States continuously for the last forty years under a "permanent residence," immigration status.

The Petitioner testified that Counsel told him that he had a "strong case" but also informed him that he was concerned about the jury's view of the Petitioner's Italian nationality. The Petitioner said that he wanted his case to go to trial so "the truth" could "c[o]me out." The Petitioner explained that "the whole thing started as a real estate transaction and then turned into drugs and threats at the end." The Petitioner said that his mother and wife convinced him to accept the State's plea offer so that he could return home quicker.

The Petitioner testified that Counsel never talked with him about the deportation consequences of a guilty plea. The Petitioner explained that, initially, there was a

3

"conversation" about immigration status due to the hold on his federal case. After INS "dropped" the hold, the Petitioner and Counsel never spoke of his immigration status again. The Petitioner said that had he known his guilty plea could lead to deportation he would not have pled guilty.

The Petitioner testified that he applied for citizenship in June 2009. He received a letter from the U.S. Citizenship and Immigration Service in March 2010, stating the Petitioner was ineligible for citizenship due to his Tennessee conviction. Further, the letter informed the Petitioner that his 1996 conviction was a deportable offense. The Petitioner said that he requested and attended a hearing before the immigration court on July 30, 2010, and his immigration case was held pending the outcome on the Petitioner's present post-conviction petition.

On cross-examination, the Petitioner agreed that, at the time of the INS hold, he understood he could be deported for a conviction. The Petitioner acknowledged that he "always knew" he was not a United States citizen and was charged with a felony. The Petitioner agreed that, during his plea submission hearing, he never asked any questions about the effect of the conviction on his immigration status. The Petitioner explained that he had concern about his immigration status at the time of the INS hold, but, once INS removed the hold, he thought the issue "went away."

Theresa Stamegna, the Petitioner's wife, testified that she and the Petitioner had been married thirty-five years and had four children together. Mrs. Stamegna recalled that her husband wanted to go to trial on the state charges, but she wanted him to plead guilty so he could "come home." When asked whether the possibility of deportation would have changed her mind as to whether the Petitioner should accept a plea agreement, she said, "Probably."

## II. Analysis

On appeal, the Petitioner argues that the post-conviction court erred when it dismissed his petition for post-conviction relief based upon the one-year statute of limitations. He asserts that due process requires the tolling of the post-conviction limitations period because of Counsel's failure to inform him of the deportation consequences of his guilty plea. In the alternative, the Petitioner claims he is entitled to relief under a statutory exception for the statute of limitations. Finally, the Petitioner claims that the trial court erred when it found that he did not prove prejudice, as required for an ineffective assistance claim, and when it found his cruel and unusual punishment claim was not cognizable because deportation is a federal matter. The State argues that the trial court properly dismissed the petition as time-barred because the Petitioner is not entitled to a tolling of the statute of limitations based on *Padilla* and his claim is not "later arising."

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this Court, with no presumption of correctness. *Id.* at 457.

Tennessee Code Annotated section 40-30-102(a), which provides the limitation on the filing of petitions for post-conviction relief, reads in part:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

The statute then lists circumstances under which the statute of limitations may be tolled.

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

5

T.C.A. § 40-30-102(b) (2006).

Tennessee courts have previously recognized that, in certain circumstances, strict application of the statute of limitations would deny a defendant the reasonable opportunity to bring a post-conviction claim, and, in these instances, due process requires the tolling of the statute of limitations. *See Crawford v. State*, 151 S.W.3d 179 (Tenn. Crim. App. 2004); *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *State v. Nix*, 40 S.W.3d 459 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

### 1. Statutory Exception for a New Constitutional Right

The Petitioner contends that the post-conviction court's dismissal of his petition was erroneous because his claim for relief was based upon the United States Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473, — U.S.— (2010), wherein the Supreme Court held that competent representation included advising a client of deportation consequences of a guilty plea. The Petitioner argues that, in *Padilla*, the Supreme Court recognized a new constitutional right to be applied retroactively and, thus, he is entitled to a tolling of the statute of limitations. The State responds that this Court has already reached the issue of whether *Padilla* was new law and should be applied retroactively, concluding that *Padilla* established a new rule of law, but it is not to be retroactively applied.

In *Padilla*, the Supreme Court considered a post-conviction claim of ineffective assistance of counsel following a legal immigrant's plea of guilty to a drug charge. Defense counsel failed to inform his client that the conviction might lead to deportation. As in this case, the petitioner in *Padilla* claimed that, had he known that his guilty plea could lead to deportation, he never would have pled guilty. The Supreme Court held that competent representation of a client includes advising a client that "pending criminal charges may carry a risk of adverse immigration consequences." *Padilla*, 130 S. Ct. at 1483.

Prior to its ruling in *Padilla*, the Supreme Court had not considered this issue. In 2004, this Court, however, held that deportation was a collateral consequence of a guilty plea and that trial counsel was not deficient for failing to inform the petitioner of such a collateral consequence. *Bautista v. State*, 160 S.W.3d 917, 921-22 (Tenn. Crim. App. 2004). In so concluding, this Court considered similar cases and adopted the approach "in line with the majority of state and federal courts." *Id.* at 922 (citing *Commonwealth v. Frometa*, 555 A.2d 92, 94 n.2 (1989)).

In light of *Padilla*, this Court once again considered this issue, concluding:

At issue in *Padilla* was whether the petitioner had received the effective assistance of counsel in determining whether he should plead guilty. The Supreme Court held that counsel must inform their clients of the deportation consequences of pleading guilty. While this established a new requirement for counsel to comply with, it did not establish a right for defendants like the right established in Gideon, the right to counsel. Moreover, the rule did not relate to the overall fairness of the proceeding itself. Although the Court's decision in *Padilla* established a new rule of law, the rule of law should not be retroactively applied.

*Gerardo Gomez v. State*, No. E2010-01319-CCA-R3-PC, 2011 WL 1797305, at *5 (Tenn. Crim. App., at Knoxville, May 12, 2011), *no Tenn. R. App. P. 11 application filed*.

In accordance with our recent holding, we conclude that in this case, the Petitioner is not entitled to a statutory exception to the statute of limitations because *Padilla* did not create a rule of law that is to be retroactively applied to his case. Accordingly, we conclude that the Petitioner's claim was untimely, and the statutory tolling of the time for the filing of the petition is not warranted in this case. The Petitioner is not entitled to relief as to this issue.

## 2. Due Process Tolling of the Statute of Limitations

The Petitioner asserts that due process requires a tolling of the limitations period and that the trial court erred in denying his post-conviction petition based upon the statute of limitations. The State responds that, because the Petitioner failed to present a basis for a tolling of the statute of limitations, the trial court properly granted the State's motion.

In *Sands*, our Supreme Court laid out a three-step process for determining whether due process requires the tolling of the statute of limitations:

(1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the State's interest in preventing the litigation of "stale and fraudulent claims."

*Sands*, 903 S.W.2d at 301 (citations omitted).

7

As a general rule, in order to trigger due process consideration, the claim at issue must not have existed during the limitations period to trigger due process consideration. *Sands*, 23 S.W.2d at 297. Discovery of or ignorance to the existence of a claim does not create a "later-arising" claim. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994).

The first step of the analysis requires us to determine when the limitations period normally would have begun. The Petitioner pled guilty on July 17, 1996 and thus the limitations period would have begun on August 16, 1996, when the judgment became final. T.C.A. § 40-30-102(a) (2006). The Petitioner filed the petition for post-conviction relief, which is the subject of this appeal, on August 20, 2010, more than twelve years after the one-year statute of limitations expired.

Next, we must determine whether the grounds arose after the commencement of the limitations period. The Petitioner contends that his legal grounds for relief arose on March 31, 2010, the day the United Stated Supreme Court decided *Padilla*, and the factual grounds arose in April 2010 when deportation proceedings were initiated against the Petitioner and thus are "later arising." We respectfully disagree. The Petitioner's claims existed at the time of the hearing and, thus, the Petitioner was not denied the opportunity to file his petition in a timely manner.

At the time of the Petitioner's guilty plea hearing, a felony drug conviction was categorized as a deportable offense. 8 U.S.C 1251 (1996).[3] This statutory provision has not changed since the Petitioner's plea hearing. Merely discovering that a claim exists, or lacking the knowledge that there may be a claim, does not make the claim "later-arising." *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). Thus, nothing "arose" with regard to the Petitioner's claim after the statute of limitations commenced. The possibility of deportation existed at the time the Petitioner entered his plea, and the Petitioner had knowledge of this law due to the immigration hold placed on him while in federal custody. Both the Petitioner and Counsel testified at the post-conviction hearing that the possibility of deportation attendant to a conviction was discussed during the Petitioner's federal custody. The Petitioner thereafter pled guilty in state court and received a felony drug conviction. The Petitioner attempts to distinguish between the federal and state charges as concerns the deportation issue; however, the federal statute on deportation clearly states its applicability to both state and federal criminal violations.

As to the Petitioner's claim on "legal grounds," that his claim for relief did not arise

---

[3] This same text can now be found under 8 U.S.C. § 1227 (a)(2)(E).

until the *Padilla* decision, this issue too is not "later-arising." Both of the Petitioner's post-conviction petition claims, ineffective assistance of counsel and involuntary plea, existed at the time of his conviction. *See Brown*, 928 S.W.2d at 456. The Petitioner knew at the time he entered the plea whether or not he understood what he was doing, and the strict application of the statute of limitations did not deprive him of the opportunity to assert otherwise. The fact that INS initiated deportation proceedings does not demonstrate that the Petitioner was denied the opportunity to challenge the validity of his plea in a timely manner, which is all that due process requires. *Burford*, 845 S.W.2d at 208.

Because the Petitioner's claims are not "later-arising," we do not address the third step in the analysis, namely the reasonableness of the delay. The Petitioner has failed to demonstrate that the statute of limitations should be tolled in his case; therefore we conclude the post-conviction court properly dismissed his untimely petition for post-conviction relief. *See Sands*, 903 S.W.2d at 301. The Petitioner is not entitled to relief.

### 3. Other Issues

After first concluding that the petition was time-barred, the post-conviction court concluded in its order that it would not "reach the merits of the claims in the petition or consider the underlying facts . . . however, that even were the subject petition timely, there is no clear and convincing evidence that any deficiency in performance was prejudicial." The trial court further noted, in regard to the Petitioner's claim that the deportation consequences of his guilty plea constitute cruel and unusual punishment, that deportation was a federal matter and neither the judgment nor the plea agreement referenced deportation. Based upon the trial court's remarks, the Petitioner raised two additional issues on appeal: (1) that the trial court erred when it found that the Petitioner failed to prove the prejudice required for an ineffective assistance of counsel claim; and (2) that the trial court erred when it found his cruel and unusual punishment claim not cognizable because deportation is a federal matter. Because we conclude that the Petitioner's claims are time-barred, we will not address those issues.

### III. Conclusion

Because the Petitioner filed his petition outside the statute of limitations and neither a statutory exception nor due process requires the tolling of the statute of limitations, the trial court properly dismissed the post-conviction petition as time-barred. In accordance with the foregoing reasoning and authorities, we affirm the judgment of post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE