J-S24029-22
J-S24030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARVIN COOPER | : | |
| | : | |
| Appellant | : | No. 1748 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003218-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARVIN COOPER | : | |
| | : | |
| Appellant | : | No. 1749 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003226-2017

BEFORE: PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 23, 2022**

---

[*] Retired Senior Judge assigned to the Superior Court.

Marvin Cooper appeals, *nunc pro tunc*, from the judgments of sentence,[1]

entered in the Court of Common Pleas of Philadelphia County, after he entered

a plea of *nolo contendere* to one count each of rape of a child[2] and indecent

assault of a child younger than 13[3] and two counts each of unlawful contact

with a minor,[4] endangering the welfare of a child,[5] and conspiracy to endanger

the welfare of a child.[6]  Upon our careful review, we affirm.

The trial court summarized the factual basis for Cooper's plea as follows:

> [Cooper] resided in an apartment with [Kimberly] Harris and her
> two children;[7] in 2006 and 2007 he sexually abused B.H.[,] who
> was between the ages of three [] and eight [], by having vaginal
> sex with her on numerous occasions, and "kissing" her on her
> breasts and her vaginal area; that he told [B.H.] he would kill her
> or her mother if she told anyone about the abuse; that he sexually
> abused [B.H.'s] younger sister, M.H., when she was between the
> ages of two [] and four [], by touching her vagina, exposing his
> penis and rubbing it on her, sometimes while her sister . . . was
> forced to watch.  Also, that the girls' mother, Kimberly Harris[,]

_____

[1] We have, *sua sponte*, consolidated his appeals for purposes of disposition.
**See** Pa.R.A.P. 513.

[2] 18 Pa.C.S.A. § 3121(c).

[3] **Id.** at § 3126(a)(7).

[4] **Id.** at § 6318(a)(1).

[5] **Id.** at § 4304(a)(1).

[6] **Id.** at § 903.

[7] One of the victims was Cooper's "biological daughter and the second one is
disputable, but nonetheless raised as his daughter[.]"  N.T. Sentencing,
7/8/19, at 6 (assistant district attorney presenting argument in favor of
requested sentence).

would also watch and gave the girls some type of narcotics, telling them to take the pills so that it would hurt less.

Trial Court Opinion, 12/1/21, at 2 (footnote omitted).

Following the preparation of a presentence investigation report ("PSI"), on July 8, 2019, the trial court sentenced Cooper to an aggregate term of 9 to 20 years' incarceration, followed by 10 years of probation. The court also notified Cooper that he is subject to lifetime registration under the Sexual Offender Registration and Notification Act ("SORNA II").

On December 10, 2020, Cooper filed a counseled petition under the Post Conviction Relief Act,[8] seeking reinstatement, *nunc pro tunc*, of his direct appellate rights. The court granted relief and this *nunc pro tunc* appeal follows. Both Cooper and the trial court have complied with Pa.R.A.P. 1925.

Cooper raises the following claims for our review:

1. Whether [Cooper's] *nolo contendere* pleas were entered knowingly, intelligently[,] and voluntarily[,] when trial counsel did not advise [him] of the registration requirements of [SORNA II] prior to the plea.

2. Whether the sentencing court abused it[s'] discretion by imposing a sentence that was not based upon the gravity of the violation, the extent of [Cooper's] record, his prospect[s for] rehabilitation, [or] an assessment of the mitigating and aggravating factors as [set forth] in 42 Pa.C.S.[A.] [§] 9721[.]

Brief of Appellant, at 8.

Cooper first claims that his plea of *nolo contendere* was not entered into knowingly, intelligently, and voluntarily because he "was not provided all

---

[8] 42 Pa.C.S.A. §§ 9541-9546.

necessary information regarding the sentence to be imposed prior to entry of the plea." *Id.* at 14. Specifically, "counsel failed to advise [Cooper] that he would be mandated to [register for life] as a Tier III offender" pursuant to SORNA II[9] and that Cooper "relied solely upon counsel's advice when deciding whether to enter a [*nolo contendere*] plea." *Id.* Further, Cooper asserts that he was not advised in either the oral or written plea colloquies of the lifetime registration requirement. *Id.* at 15. He is entitled to no relief.

> When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011). . . . In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. *Id.* "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Id.* In *Commonwealth v. Frometa*, [] 555 A.2d 92, 93 ([Pa.] 1989), abrogated in part by *Padilla v. Kentucky*, 559 U.S. 356[] (2010), as in prior cases, our Supreme Court held that when a defendant is not made aware of a given consequence of his or her guilty plea, relief must be

---

[9] Cooper does not specify in his brief the subsection of SORNA II to which he is subject. Act 10, as amended and reenacted by Act 29, which the General Assembly enacted to address our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (holding that registration and notification provisions of SORNA were punitive), and this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (holding that designation of offender as sexually violent predator required proof beyond reasonable doubt), split SORNA into two subchapters: Revised Subchapter H, which applies to individuals who committed their sexual offenses on or after December 20, 2012, and Subchapter I, which applies to individuals who committed their sexual offenses after April 22, 1996, but before December 20, 2012, and whose period of registration has not yet expired. *See id.* at 580; *see also* 42 Pa.C.S.A. §§ 9799.11, 9799.52. Cooper, who committed his sexual offenses between 2006 and 2007, *see* Trial Court Opinion, 12/1/21, at 2, is therefore subject to the registration provisions of Revised Subchapter I.

> based upon a determination of whether the consequence at issue was a "direct" or "collateral" consequence of the plea, with only the former warranting a remedy. *See Frometa*, 555 A.2d at 93 (noting that "defense counsel need only advise a criminal defendant of the direct consequences of pleading guilty.") (citation omitted). The distinction between a direct and collateral consequence of a plea is best described as "the distinction between a criminal penalty and a civil requirement over which a sentencing judge has no control." [*Commonwealth v.*] *Leidig*, 956 A.2d [399,] 404 [(Pa.2008)].

*Commonwealth v. Hart*, 174 A.3d 660, 664–65 (Pa. Super. 2017).

We begin by noting that, to the extent that the majority of Cooper's argument on this claim is focused on the alleged ineffectiveness of plea counsel, the claim is not cognizable on direct appeal and must be raised on collateral review. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). The remainder of Cooper's claim—that his plea is invalid because he was not advised by the trial court of his registration requirements under SORNA—is meritless. In *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), our Supreme Court held that Subchapter I does not constitute criminal punishment. Because a court is not required to advise a defendant regarding the non-punitive, collateral consequences of his plea, Cooper cannot demonstrate that his plea was entered involuntarily.[10] *Hart*, *supra*.

---

[10] Moreover, Cooper's lifetime registration requirement was raised in open court prior to the entry of his plea. The following exchange occurred immediately prior to Cooper's colloquy with the court:

THE COURT: [Defense counsel], we have a *nolo* plea here.

[DEFENSE COUNSEL]: I'm sorry?

*(Footnote Continued Next Page)*

Finally, Cooper claims that the trial court abused its discretion by imposing a sentence that was not based upon the gravity of the violation, the extent of his record, his prospects for rehabilitation, or an assessment of the mitigating and aggravating factors. Cooper's claim raises a challenge to the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P.

---

THE COURT: And you have the colloquy. Does he have to sign off for—

[ASSISTANT DISTRICT ATTORNEY]: We do that at sentencing, Your Honor, with respect to Megan's Law.

THE COURT: Oh. Sentencing. I was jumping ahead. Never[ ]mind.

[ASSISTANT DISTRICT ATTORNEY]: And if Your Honor wants to include the information when you colloquy—

THE COURT: What is this?

[ASSISTANT DISTRICT ATTORNEY]: **It is a lifetime registration**.

THE COURT: It's lifetime. Okay. . . .

N.T. Guilty Plea Hearing, 5/9/19, at 9 (emphasis added).

2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

Here, Cooper neither preserved his challenge at sentencing nor filed a post-sentence motion seeking reconsideration of his sentence. Accordingly, he has failed to properly invoke this Court's jurisdiction, and we are precluded from addressing his claim.[11]

_____

[11] Even if we were to address the merits of his claim, Cooper would be entitled to no relief. The trial court in this matter had the benefit of a PSI. "When a sentencing court has reviewed a [PSI], we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013). *See also Commonwealth v. Bonner*, 135 A.3d 592, 605 (Pa. Super. 2016) ("Where [a PSI] exist[s], we [ ] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors[; a PSI] constitutes the record and speaks for itself."). Moreover, the trial court summarized its sentencing rationale as follows in its Rule 1925(a) opinion:

> The [c]ourt carefully considered all relevant facts and circumstances prior to fashioning an appropriate [s]entence. Specifically, this [c]ourt noted that [Cooper] described his childhood as being "beautiful" and having been raised by his mother[,] who was employed as a nurse[,] and his father[,] who was employed as a truck driver. Further, the [c]ourt recognized that [Cooper] got his GED and was employed as a maintenance engineer and property manager since 2008. There was no history of sexual abuse or mental health issues.
>
> However, the [c]ourt also noted that [Cooper] "has six arrests, three convictions, no commitments; possession with intent to deliver at age 21, for which he received a probationary sentence, and then these offenses." In reviewing the [PSI], the [c]ourt noted as well that[,] "[w]hen asked, [] Cooper explained that the current charges are related to retaliation on the part of his oldest

*(Footnote Continued Next Page)*

_____

daughter." However, [Cooper] did apologize and ask for forgiveness, indicating that he was amenable to rehabilitation.

Clearly, however, the horrific nature of [Cooper's] offenses weighed heavily in the [c]ourt's sentencing decision.

> THE COURT: The duration, the extent, the unspeakable cruelty that these two babies were subjected to are beyond what this [c]ourt can imagine. That any children should ever, ever have to experience over a period of five years. This torture endured for these two children at the hands of both their mother and their father.
>
> In addition to the horrific sexual abuse, they were starved, they were physically beaten, they were given narcotics, they were made to watch one another being abused by their father.
>
> I have no idea, Mr. Cooper, whether you took responsibility by pleading no contest, then deny the charges to your presentence investigator, then today express remorse. I have no idea what the thinking here is.
>
> [] It only adds to the culpability that you have and the lack of true remorse that you feel.
>
> I see no show of emotion. I see a very calm, very composed man in front of me, who I think has yet to understand and to recognize he, as I said, cruelty that is beyond what any person with any sense of humanity can understand.

[N.T. Sentencing, 7/8/21, at 17-18].

The Sentencing Guidelines for the lead charges of rape of a child and unlawful contact with a child[,] where [Cooper] had a prior record score of 2[,] are 96 months to the statutory limit (40 years), plus or minus 12 months. The Commonwealth recommended a sentence of 12 to 24 years of state incarceration[,] followed by probation. The sentence imposed by the [c]ourt of 9[ to ]20 years[,] followed by 10 years of probation[,] is at the low end of the [G]uidelines and was in no way excessive, given the fact that [Cooper] repeatedly sexually abused [two] toddlers over a period of years. The untold harm

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022

---

that he inflicted on these vulnerable children speaks to the level of violent, aberrant behavior that is intolerable in a civilized society. [Cooper's] sentence is manifestly fair and most certainly does not shock the conscience of the court.

Contrary to [Cooper's contentions], the record clearly reflects [that the c]ourt duly considered all relevant factors and circumstances in carefully crafting a sentence tailored to this case.

Trial Court Opinion, 12/1/21, at 7-8.

In light of the foregoing, it is apparent from the record that the trial court considered all relevant factors in sentencing Cooper and did not abuse its discretion in imposing a sentence at the lower end of the standard range of the Sentencing Guidelines. Accordingly, Cooper's claim is meritless.